UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 04-cv-152-HRW

JOHNNY LAWSON,                                                    PLAINTIFF,

v.         **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a period of disability and disability insurance benefits.  The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his current application for a period of disability and disability insurance benefits on March 12, 2001 (Tr. 22), alleging disability due to his back condition, left shoulder injury, sleep disorder and nerves  (Tr. 22).  This application

was denied initially and on reconsideration. On May 23, 2002, an administrative hearing was conducted by Administrative Law Judge William H. Gitlow (hereinafter "ALJ"), wherein Plaintiff, accompanied by a non-attorney representative, testified (Tr. 676-705). At the hearing, Melissa Glannon, M.S., a vocational expert (hereinafter "VE"), also testified (Tr. 705-710).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

>Step 1: If the claimant is performing substantial gainful work, he is not disabled.

>Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

>Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

>Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

>Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On September 5, 2002, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 21-29). Plaintiff was 49 years old at the time of the hearing decision. He has a high school education (Tr. 301). His past relevant work experience consists of work as a construction worker (Tr. 306). At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 27). The ALJ then determined, at Step 2, that Plaintiff suffered from a back condition, a left shoulder injury and a substance addiction disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 27). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 28). The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 28) but determined that he has the following residual functional capacity ("RFC"):

> [He is] exertionally limited to lifting/carrying a maximum of 50 pounds occasionally and 25 pounds frequently; the claimant must avoid frequent or repetitive overhead reaching with his left upper extremity; and is mildly impaired in ability to handle with the left upper extremity.

(Tr. 25-26).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a significant range of medium work, such as

janitorial, hand packing and assembly (Tr. 27). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE. Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on July 2, 2004.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 12] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957

(1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

> B.  **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ failed to properly consider the opinion of Plaintiff's treating physicians, (2) the ALJ failed to accurately consider the combination of Plaintiff's impairments and (3) the ALJ did not accurately consider Plaintiff's subjective complaints of pain.

> C.  **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ failed to properly consider the opinion of Plaintiff's treating physicians. Specifically, Plaintiff contends that the ALJ should not have discounted the opinions of Dr. Kim Larmore and Christa Brigham, PAC.

In order to be given controlling weight, the opinions of a treating source on

5

issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

The ALJ explicitly rejected Dr. Larmore's highly limiting assessment of Plaintiff's functional limitations (Tr. 26, 632-634). The ALJ found the assessment to be wholly unsupported by the record, including Dr. Larmore's own treatment notes. First, the ALJ pointed out that Dr. Larmore had not even examined Plaintiff for seven months prior to completing the assessment. Then, the ALJ noted that a comprehensive psychological examination conducted at the Veterans Administration Medical Center in April 2001, one month after Plaintiff filed his application for benefits, contained none of the extreme limitations proposed by Dr. Larmore (Tr. 455-458). In that report, it was noted that Plaintiff was extremely vague regarding his symptoms and history of substance abuse and, as a result, a proper diagnosis was nearly impossible. It was further noted that although Plaintiff asked for medication, he refused to participate in therapy (Tr. 458). Moreover, Dr. Larmore's findings regarding Plaintiff's poor ability to concentrate and severe depression, in both her treatment notes, as well as the subject assessment, appear to

6

be based on Plaintiff's subjective complaints.  There is no indication that Dr. Larmore conducted any clinical or laboratory tests to adjudge the nature and severity of Plaintiff's alleged impairments.  Without such findings, and given the presence of contradictory evidence in the record, the ALJ properly rejected the opinion of Dr. Larmore.

As for the physical assessment submitted by Ms. Brigham, the ALJ noted that she is a physician assistant and is not an acceptable medical source under the appurtenant regulations and is, thus, not entitled to deference (Tr. 26).  *See* 20 C.F.R. §404.1513(a).   Moreover, the ALJ found that her opinion, too, lacked support in the credible medical evidence of record (Tr. 26).  The Court finds no error in this assessment.

Plaintiff's second claim of error is that the ALJ failed to accurately consider the combination of Plaintiff's impairments .  A review of the hearing decision reveals that the ALJ considered Plaintiff's impairments in combination at various stages in his evaluation.   The ALJ discussed Plaintiff's impairments, both physical and mental, both severe and non-severe , at Step 3 of the sequential evaluation process, and specified that he considered the same, alone and "in combination" (Tr. 23).  Such articulations have been found to be sufficient upon review.  *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987).

Indeed, the Sixth Circuit Court of Appeals stated in *Loy v. Secretary of Health and Human Services*, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The Court finds that the ALJ's approach in this case is consistent with *Gooch* and *Loy* and that Plaintiff's argument in this regard is without merit.

Finally, Plaintiff argues that the ALJ did not accurately consider Plaintiff's subjective complaints of pain. It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). In this case, the ALJ found Plaintiff's credibility to be " only fair" with regard to his allegations of disabling conditions and pain. (Tr. 24). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster. For example, the ALJ found that Plaintiff complained of a sleep

8

disorder, the record is devoid of any history, diagnosis or treatment of the same (Tr. 24). Further, the record reveals that despite complaints of back pain, the Plaintiff frequently cancelled his orthopedic examinations (Tr. 26, 178). Also of note is that fact that Plaintiff performed heavy work after an allegedly disabling elbow injury (Tr. 26). In addition to baseless complaints, the ALJ also found persistent drug-seeking behavior (Tr. 25). For example, the treatment notes from various sources at the Veterans Administration Center, document repeated requests for strong pain medications, such as Percocet, Methadone and Oxycodone (Tr. 398, 428, 447, 461, 513, 544, 548, 551, 552 566, 574-577) yet, Plaintiff consistently refused to undergo physical therapy for his ailments (Tr. 25, 156, 459, 545). Given the inconsistent and contradictory evidence , the Court finds that the ALJ's assessment of Plaintiff's credibility is supported by substantial evidence.

### III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This June 7, 2005.



Signed By:
Henry R Wilhoit Jr.
United States District Judge

9